[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO FINDINGS OF FACT
The plaintiff NorthEast Waste Systems, Inc., doing business as D.P.L. Perrotti, provided refuse removal services to the defendant Kenneth Hardy for a time. The service was provided to and paid for by the defendant from 1991 through June 1999 when the defendant caused the service to be terminated. The plaintiff sued the defendant alleging that there was a written contract in force that obligated the defendant to give at least 60 days notice of any intention to terminate the contract. Further the plaintiff alleged that the contract provides for liquidated damages in the event of a breach of its terms by the defendant. The defendant in his answer denied having entered into such a contract.
The pleadings were promptly closed and the matter claimed for trial. The case was referred for fact finding pursuant to Conn. P.B. § 23-53. The parties were fully heard on September 20, 2000, and thereafter filed post-trial memoranda. The attorney fact finder filed his Findings of Fact on October 18, 2000, recommending judgment for the defendant. Among his CT Page 13733 finding were the following:
. . . 8. The defendant did not sign any contract with the plaintiff or with the plaintiffs predecessor in interest.
. . . 12. The defendant did not break any contract.
The plaintiff has filed a timely objection to the Finding of Fact. The plaintiff objects that the fact finder failed to include a finding as to the origination of a signature on contract documents dated January 2, 1991, at the inception of the business relationship between the plaintiff and the defendant. There was testimony that the signed name was made byKevin Hardy, the son of the defendant Kenneth Hardy, with the inference that it was either signed with the consent of and authority of the defendant or else forged without his knowledge.
But the fact finder found that the defendant "did not sign any contract"and "did not break any contract." It is not necessary for the fact finder to reach out and make subordinate findings on issues that are not necessary to the determination of the ultimate issue. The plaintiff alleged that the defendant entered into a written agreement with the defendant and, particularly in the face of a denial of the written agreement in the answer, had the burden of proving the allegation. The fact finder found that the defendant had not entered into such a written agreement. Such a finding is within the province of the fact finder to have found. Further findings on that issue are nonessential.
The court, pursuant to Conn. P.B. § 23-58, overrules the objection and hereby renders judgment in accordance with the finding of facts.
Pittman, Judge